UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM BARWICK POTTER | ) | |
| | ) | |
| V. | ) | NO. 2:18-CV-23 |
| | ) | |
| TAKOMA REGIONAL HOSPITAL | ) | |
| | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff William Barwick Potter has filed a Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Mr. Potter is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. See *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement, which must be met in order to proceed *in forma pauperis*, is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins, supra.* An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities

of life. *Id*. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding.1 The Application to Proceed Without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson v. R.G. Smith Co.*, 915 F.2d 262-63 (6th Cir. 1990); see *Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).[2] Plaintiff has filed a complaint suing the local hospital, Takoma Regional Hospital. He alleges that he received inadequate care from Dr. Joshua Mosley. "Due to Dr. Mosley's unreasonable medical care to Mr. Potter the unnecessary medications could have had dire side effects including but not limited to death due to age and health." Plaintiff seeks a "settlement" of $750,000, as well as a request for the Court to double damages.

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal

---

1    Plaintiff's application lists his gross wages as $675 per month and his net wages as $8,100 per month. The Court is treating the $8,100 figure as a typo.

2    Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

2

laws or the Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Upon a thorough review of Plaintiff's complaint, Plaintiff has not stated a claim arising under a federal statute or the U.S. Constitution pursuant to 28 U.S.C. § 1331. The Plaintiff does not appear to state any violation of any federal rights or violation of any constitutional rights under which he has been damaged. Indeed, he does not claim any violation of any federal statutes and provides no factual allegations to explain or support the Court exercising subject matter jurisdiction under a federal statute. Takoma is a private hospital.

Likewise, the Court finds that it lacks diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a), federal diversity jurisdiction exists over "civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are citizens of different states. 28 U.S.C. § 1332(a); *Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x. 396, 398 (6th Cir. 2014). Diversity of citizenship must be complete, meaning "no plaintiff can be the citizen of the same State as any defendant." *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). Plaintiff is a resident of Greeneville, Tennessee and that the Defendant's place of business is likewise in Greeneville, Tennessee. On its face of the complaint, it is clear the Court lacks diversity jurisdiction. Plaintiff does make a claim that meets the jurisdictional limit of $75,000 for the federal court to exercise jurisdiction. See 28 U.S.C. § 1332(a)(1). However, the lack of diversity of citizenship in this case is fatal. Therefore, the undersigned finds that this Court lacks jurisdiction over the subject matter of the suit.

3

Case 2:18-cv-00023-HSM-MCLC Document 4 Filed 07/03/18 Page 3 of 4 PageID #: 19

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted, but without prejudice to the Plaintiff's rights to re-file. This Complaint lacks any arguable basis for a recovery in Federal Court due to lack of jurisdiction. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. at 1831 (1989).

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully Submitted,

s/ Clifton L. Corker
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).